THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MASSIMILIANO DELLAGUARDIA,

               Petitioner,

    v.

UNITED STATES OF AMERICA,

               Respondent.

CASE NO. C13-1668-JCC

ORDER

This matter comes before the Court on Petitioner's § 2255 motion (Dkt. No. 1). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby denies the motion for the reasons explained herein.

I.    **BACKGROUND**

Petitioner originally filed his motion to vacate, set aside, or correct his sentence on the basis that his guilty plea was not knowingly and intelligently made and that he received ineffective assistance of counsel. (Dkt. No. 1 at 2, 5.) In his motion, Mr. Dellaguardia represented that his attorney incorrectly promised him his criminal history would be Category III, that he would have filed a suppression motion had she not so promised, that his attorney promised she would demonstrate at the sentencing hearing that he was less culpable than his co-defendants, that he never saw the sentencing memorandum, and that a substitute attorney appeared at the hearing without notice to Mr. Dellaguardia. (Dkt. No. 1 at 2.) He claimed that his

1  attorney was ineffective for failing to establish on the record that his plea rested on his being a

2  Criminal History Category III. (Dkt. No. 1 at 6.) Mr. Dellaguardia further argued that his

3  sentence should be reconsidered because he played a minor role and the government allegedly

4  released his confidential statements, causing him to be labeled a "snitch." (Dkt. No. 1 at 8–9.)

5  His "first request," i.e., his primary request, is that the Court reduce his sentence, but he also

6  argues he is entitled to withdraw his guilty plea. (Dkt. No. 1 at 9.)

7        In its response, the Government noted that the defense's sentencing memoranda did not

8  seek to establish that the proper Criminal History category for Mr. Dellaguardia was III; instead,

9  it stated that he should be in Criminal History category V rather than VI, and that he should

10  receive an adjustment for being a minor participant. (Dkt. No. 8 at 6.) The Government also

11  suggests that Mr. Dellaguardia's post-trial motion undermines the claims in his § 2255 motion

12  because he did not make the claims here in that original post-trial motion. (Dkt. No. 8 at 7–8.)

13        In his reply, Mr. Dellaguardia represents that he would like to withdraw his § 2255

14  motion. Although he still believes that he should have received a lower sentence, like his co-

15  defendants, he also states that he has benefited from the RDAP program.

16  **II.     DISCUSSION**

17        The Court agrees with the Government that Defendant's § 2255 motion is largely a

18  request for resentencing and that Defendant failed to show either inadequate performance by

19  counsel or prejudice resulting from that inadequate performance. *See Strickland v. Washington*,

20  466 U.S. 668 (1984). "In cases where a defendant complains that ineffective assistance led him

21  to accept a plea offer as opposed to proceeding to trial, the defendant will have to show 'a

22  reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would

23  have insisted on going to trial.'" *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) (quoting *Hill v.*

24  *Lockhart*, 474 U.S. 52, 59 (1985). Here, Mr. Dellaguardia's claim that his lawyer promised him

25  that his Sentencing Guidelines range would be calculated using Criminal History Category III is

26  belied by the terms of his plea agreement, by defense counsel's argument for a Criminal History

1   Category of V (not III) in the sentencing memorandum, and by Mr. Dellaguardia's motion for

2   reconsideration in his criminal case, in which he did not suggest that his attorney had made any

3   promises. *See United States v. Dellaguardia*, No. 10-0226-JCC (Dkt. No. 54 at 5–6). Although

4   Mr. Dellaguardia states that defense counsel's promises were made in a letter to him, he does not

5   provide that letter. Moreover, as the Government describes, the plea agreement allowed Mr.

6   Dellaguardia to avoid the conspiracy charge and its attendant mandatory minimum sentence,

7   suggesting that there was no ineffective assistance in defense counsel's recommendation that he

8   avoid trial. For these reasons, the Court denies Petitioner's § 2255 motion.

9          The Court also, however, commends Mr. Dellaguardia on the progress that he is making

10  in the RDAP program. Mr. Dellaguardia appears to be doing well and the sentiments expressed

11  in his rebuttal are admirable. The Court hopes that Mr. Dellaguardia continues on this path.

12          For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct a sentence

13  (Dkt. No. 1) is denied.

14          DATED this 1st day of May 2014.

15

16

17

18

19          _____

20          John C. Coughenour
            UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

ORDER
PAGE - 3